# EXHIBIT A

STATE OF MINNESOTA — DISTRICT COURT

COUNTY OF HENNEPIN — FOURTH JUDICIAL DISTRICT

Case Type: Employment
Court File No.: ________________

Desaree J. Avritt,

Plaintiff,

v.

**SUMMONS**

Mains'l Services, Inc. and Allison Cooper,

Defendants.

THE STATE OF MINNESOTA TO THE ABOVE NAMED DEFENDANT(S):

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no Court file number on this Summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at Ahlberg Law, PLLC, 333 Washington Avenue North, Suite 300, Minneapolis, Minnesota, 55401.

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A Default Judgment can then be

entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: November 30, 2017

AHLBERG LAW, PLLC

*/s/ Ryan H. Ahlberg*

Ryan H. Ahlberg, Esq. (#386520)
Union Plaza Building, Suite 300
333 Washington Avenue North
Minneapolis, Minnesota 55401
(612) 900-2269
rahlberg@ahlberglaw.com
Attorney for Plaintiff

## ACKNOWLEDGEMENT

The undersigned acknowledges that pursuant to Minn. Stat. § 549.211 sanctions may be awarded by the Court for violation of said section.

Dated: November 30, 2017

*/s/ Ryan H. Ahlberg*
Ryan H. Ahlberg, Esq. (#386520)

STATE OF MINNESOTA | DISTRICT COURT

COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT

---

Case Type: Employment
Court File No.: ____________________

Desaree J. Avritt,

Plaintiff,

v.

**COMPLAINT**

Mains'l Services, Inc. and Allison Cooper,

Defendants.

---

Plaintiff Desaree J. Avritt, as and for his Complaint against Defendants Mains'l Services, Inc. and Alison Cooper, states and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Desaree J. Avritt (hereinafter, "Avritt") is an individual residing in Sherburne County, Minnesota.

2. Defendant Mains'l Services, Inc. (hereinafter, "Mains'l"), is a Minnesota corporation with a registered office address located at 7000 78th Ave N, Brooklyn Park, Minnesota 55445.

3. Defendant Alison Cooper (hereinafter, "Cooper") is, upon information and belief, an individual who is a resident of Zimmerman, Sherburne County, Minnesota and employed by Mains'l.

4. Jurisdiction is proper pursuant to 29 U.S.C. § 2617.

5. Venue is proper pursuant to Minn. Stat. § 542.09.

## FACTUAL ALLEGATIONS

6. Avritt was employed by Mains'l for just under two years, working as a direct support professional and earning $11.25 per hour, thirty six hours per week. Avritt believes she was hired on November 18, 2015.

7. Avritt's most recent work location the "Hiawatha House" located in Big Lake, Minnesota.

8. On or around March 28, 2017, Avritt was involved in a non-work related car accident, which occurred between Big Lake and Elk River, Minnesota. Avritt suffered a concussion as a result of the accident, which is a serious medical condition as that term is defined by the federal Family Medical Leave Act ("FMLA").

9. On the day of the accident, Avritt presented to the hospital and was diagnosed and discharged. Avritt was told not to go back to work until she saw her primary physician, neurologist, and other medical professionals.

10. Avritt requested and was authorized to take FMLA leave from her employment with Mains'l shortly after the accident.

11. Before the accident, Avritt had a clean performance record at Mains'l.

12. On May 4, 2017 Avritt returned from FMLA leave.

13. Issues began immediately upon her return. Cooper began subjecting Avritt to

heightened scrutiny of her performance and relating false information about Avritt to other employees. For example Jessie O'Neil (hereinafter, "O'Neil") told Avritt that Cooper was telling her that Avritt had committed fraud regarding her FMLA leave.

14. Cooper left Avritt a voicemail accusing Avritt of lying about a client and asking her to change her hours. Immediately after the voicemail was left Avritt contacted payroll and complained about the acquisition.

15. Within a week, a meeting was held between Avritt, Cooper, Cooper's supervisor, and another employee from payroll. Avritt was told that she could keep her hours but not to clock in early anymore, but her discipline would remain on her file.

16. After this meeting, O'Neil and Cooper had another conversation. O'Neil told Avritt that Cooper said Avritt was toxic, that Cooper didn't want Avritt to work there anymore, and that she would do anything to get Cooper to quit. Avritt immediately contacted human resources.

17. Avritt verbally told human resources her complaint and concerns. Avritt then sent an email to human resources, which was completed within approximately 24 hours.

18. Human resources thereafter conducted an investigation, gave Avritt their findings, and thought it would be a good idea to have mediators resolve the issues between Cooper and Avritt. Eventually Mains'l chose a mediator, who happened to be

Avritt's old supervisor from Mains'l. This process lasted from July through October, 2017.

19. On November 1, 2017, Avritt was suspended for allegedly verbally abusing a client of Mains'l. No further details were provided.

20. On November 3, 2017, Avritt had a meeting regarding the incident. Avritt denied the allegations that were made against her.

21. Further, Avritt told the investigator that she believed Cooper coerced or otherwise convinced the client to fabricate the incident of verbal abuse.

22. On November 7, 2017, Mains'l terminated Avritt's employment.

23. Cooper, even if she did not engage in discrimination or retaliation per se, as a result of Avritt taking FMLA leave, Cooper misrepresented the truth and extent of Avritt's performance issues, and coerced a client of Mains'l to fabricate a story of verbal abuse, causing er to be terminated.

24. Further, Cooper's actions were not based on any legitimate, rational review of Avritt's performance but instead were motivated out of personal ill-will, spite, and or hostility towards Avritt.

25. As a direct and/or proximate result of the conduct of Defendants, Avritt has suffered damages, including but not limited to lost past earnings and benefits, lost future earnings and benefits, mental anguish and suffering, consequential damages, nominal damages, liquidated damages under the FMLA, cost of suit, and

attorney's fees.

**CAUSE OF ACTION I**
**FMLA Discrimination (29 U.S.C. § 2615(a)(2))**

26. Paragraphs 1 through 25 are incorporated herein by reference.

27. An FMLA discrimination claim arises when an employer takes adverse action against an employee because the employee exercises rights to which he is entitled under the FMLA. *Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1006 (8th Cir. 2012).

28. Avritt engaged in statutorily-protected conduct and exercised rights to which she was entitled under the FMLA.

29. Defendants' actions, as described herein, constituted adverse employment actions.

30. There was a causal connection between Avritt's statutorily-protected conduct and Defendants' adverse employment actions.

31. As a direct and/or proximate result of Defendants' conduct, Avritt has suffered damages in excess of $50,000 to be proved with further specificity at trial.

**CAUSE OF ACTION II**
**Tortious Interference With Contractual Relations**

32. Paragraphs 1 through 31 are incorporated herein by reference.

33. While employed by Mains'l, Avritt met the requirements of his job and performed in an objectively satisfactory manner before Cooper's contractual interference. Cooper was aware of Avritt's employment contract with Mains'l.

34. Cooper, whose actions are more fully described herein, acted outside the course and scope of her employment by engaging in independently wrongful conduct in order to justify Avritt's termination.

35. Cooper's actions constituted intentional and improper interference with Avritt's at-will employment contract with Mains'l, without legal justification. Moreover, Cooper's actions were predominantly motivated by personal ill-will, spite, hostility, and a deliberate intent to harm Avritt. *See Nordling v. Northern States Power Co.*, 478 N.W.2d 498 (Minn. 1991).

36. As a direct and/or proximate cause of Cooper's conduct, Avritt has been damaged in an amount greater than $50,000 to be proved with specificity at trial.

**WHEREFORE**, Avritt requests a **JURY TRIAL** on her claims and judgment against Defendants as follows:

1. As to Cause of Action I, for judgment against Mains'l in favor of Avritt in an amount greater than $50,000.00 to be proved with further specificity at trial. Avritt intends to move to amend her Complaint to assert a claim for punitive damages;
2. As to Cause of Action II, for judgment against Cooper in favor of Avritt in an amount greater than $50,000.00 to be proved with further specificity at trial. Avritt intends to move to amend his Complaint to assert a claim for punitive damages;
3. For Khang' costs, disbursements and attorney's fees incurred herein;
4. For such other and further relief as the Court deems just and equitable.

Dated: November 30, 2017

AHLBERG LAW, PLLC

*/s/ Ryan H. Ahlberg*
Ryan H. Ahlberg, Esq. (#386520)
Union Plaza Building, Suite 300
333 Washington Avenue North
Minneapolis, Minnesota 55401
(612) 900-2269
rahlberg@ahlberglaw.com
Attorney for Plaintiff

## ACKNOWLEDGEMENT

The undersigned acknowledges that pursuant to Minn. Stat. § 549.211 sanctions may be awarded by the Court for violation of said section.

Dated: November 30, 2017

*/s/ Ryan H. Ahlberg*
Ryan H. Ahlberg, Esq. (#386520)

STATE OF MINNESOTA | DISTRICT COURT

COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT

Case Type: Employment
Court File No.: ___________________

Desaree J. Avritt,

Plaintiff,

v.

Mains'l Services, Inc. and Allison Cooper,

Defendants.

**PLAINTIFF'S MINN. R. CIV. P. 26.01 INITIAL DISCLOSURES**

TO: DEFENDANTS MAINS'L SERVICES, INC. AND ALLISON COOPER, 7000 78TH AVE N, BROOKLYN PARK, MINNESOTA 55445:

Plaintiff makes the following initial disclosures pursuant to Minn. R. Civ. P. 26.01:

A. Name, address and telephone number of individuals likely to have discoverable information.

| **Name, address, and telephone number** | **Subject matter** |
|---|---|
| Desaree J. Avritt<br>Can be contacted through Plaintiff's counsel. | Knowledge of all facts averred by her personally in his Complaint. |
| All individuals referenced in Plaintiff's Complaint and exhibits thereto. | Knowledge as reflected in the allegations contained in the Complaint. |

B. Description by category and location of documents, electronically stored information, and tangible things.

1. Plaintiff's personnel records with Defendant, in Defendant's possession;

C. Computation of each category of damages.

| **Category of damages** | **Computation** |
|---|---|
| Back Wages, Front Wages, Benefits. | Approximately $21,000 per year. Further, this figure is subject to amendment based upon Plaintiff's current and future employment. |
| Consequential damages of lost income. | Variable. |
| Garden Variety Mental Anguish and Suffering. | $50,000 to $100,000. This is computed by estimating the range Plaintiff would request to the jury. |
| Liquidated damages under the FMLA. | Equal to wage loss damages, per statute. |
| Nominal damages. | $1. |
| Injunctive relief allowed by statute. | Not applicable. |
| Attorney's fees. | 40% Contingency. For hourly method, an ongoing calculation based upon a fee of $500 per hour for Ryan H. Ahlberg, $350 per hour for associate/contract attorneys, and $200 per hour for clerks. |

D. Insurance agreement.

Not applicable.

Dated: November 30, 2017

AHLBERG LAW, PLLC

*/s/ Ryan H. Ahlberg*

Ryan H. Ahlberg, Esq. (#386520)
Union Plaza Building, Suite 300
333 Washington Avenue North
Minneapolis, Minnesota 55401
(612) 900-2269
rahlberg@ahlberglaw.com
Attorney for Plaintiff

STATE OF MINNESOTA | DISTRICT COURT

COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT

Case Type: Employment
Court File No.: ____________________

Desaree J. Avritt,

Plaintiff,

v.

**JOINT DISCOVERY PLAN**

Mains'l Services, Inc. and Allison Cooper,

Defendants.

Pursuant to Minn. R. Civ. P. 26.06, the parties and/or counsel identified below conferred and offer the following discovery plan:

(1) What changes should be made in the timing, form, or requirement for disclosures under Rule 26.01, including a statement of when initial disclosures were made or will be made?

**No changes are proposed. Initial disclosures will be made timely pursuant to Minn. R. Civ. P. 26.01(a)(3).**

(2) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues?

**Discovery may be needed on all issues relevant to liability and damages, should be completed within six months after the filing of the action, and need not be conducted in phases or limited to particular issues.**

(3) Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?

**Electronically stored information may be produced in PDF form, however the parties reserve the right to request an electronic document in its native format if the need for the native format outweighs the burden of production.**

(4) Any issues about claims of privilege or of protection as trial-preparation materials, including--if the parties agree on a procedure to assert these claims after production--whether to ask the court to include their agreement in an order?

**The parties have not identified any unusual issues regarding claims of privilege or of protection as trial-preparation materials and do not request an order.**

(5) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be proposed?

**None.**

(6) Any other orders that the court should issue under Rule 26.03 or under Rule 16.02 and .03?

**None.**

Dated: November 30, 2017

AHLBERG LAW, PLLC

*/s/ Ryan H. Ahlberg*
Ryan H. Ahlberg, Esq. (#386520)
Union Plaza Building, Suite 300
333 Washington Avenue North
Minneapolis, Minnesota 55401
(612) 900-2269
rahlberg@ahlberglaw.com
Attorney for Plaintiff

Dated: ____________, 2017

MAINS'L SERVICES, INC. AND ALLISON COOPER

______________________________
7000 78th Ave N
Brooklyn Park, Minnesota 55445
(763) ______________________
Defendants *Pro Se*

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

| | |
|---|---|
| Desaree J. Avritt,<br><br>Plaintiff,<br><br>v.<br><br>Mains'l Services, Inc. and Allison Cooper,<br><br>Defendants. | Case Type: Employment<br>Court File No.: ________________<br><br>**<u>PLAINTIFF'S MINN. R. CIV. P. 68 OFFER OF SETTLEMENT</u>** |

TO: DEFENDANTS MAINS'L SERVICES, INC. AND ALLISON COOPER, 7000 78TH AVE N, BROOKLYN PARK, MINNESOTA 55445:

Pursuant to Rule 68 of the Minnesota Rules of Civil Procedure, Plaintiff hereby makes an Offer of Settlement in the amount of Sixty Thousand Dollars ($60,000.00). This is a total-obligation offer, as that phrase is defined by Rule 68.01(d) of the Minnesota Rules of Civil Procedure. As a total-obligation offer, this offer includes accrued applicable prejudgment interest, costs and disbursements, and applicable attorney fees.

Pursuant to Rule 68.03(b)(1) of the Minnesota Rules of Civil Procedure, if this Offer is not accepted and if Plaintiff prevails and the relief awarded to Plaintiff is more favorable to Plaintiff than this Offer, Plaintiff will seek to recover all allowable costs and disbursements incurred after service of this Offer, and Plaintiff will object to any attempt by Defendant to tax any costs or disbursements incurred after the date this Offer was

served.

Pursuant to Rule 68.02(d) of the Minnesota Rules of Civil Procedure, if this Offer is not accepted in writing within ten days of the date of service, the Offer is deemed withdrawn.

Dated: November 30, 2017

AHLBERG LAW, PLLC

*/s/ Ryan H. Ahlberg*
Ryan H. Ahlberg, Esq. (#386520)
Union Plaza Building, Suite 300
333 Washington Avenue North
Minneapolis, Minnesota 55401
(612) 900-2269
rahlberg@ahlberglaw.com
Attorney for Plaintiff

**ACKNOWLEDGEMENT**

The undersigned acknowledges that pursuant to Minn. Stat. § 549.211 sanctions may be awarded by the Court for violation of said section.

Dated: November 30, 2017

*/s/ Ryan H. Ahlberg*
Ryan H. Ahlberg, Esq. (#386520)